BENJANIN BERRY *v.* MORRIS MARIX.

A livery stable keeper who rents stalls to another, who finds his own employee, and provender for his horses, is not liable if the latter be lost or stolen.

APPEAL from the District Court of the Parish of Iberville, *Avery*, J.
Samuel Matthews, for plaintiff. *Z. Labauve*, for defendant and appellant.

VOORHIES, J. The record shows that *Marix* is a livery stable keeper; that he rented several stalls to *Berry* at a stipulated price; that the latter furnished the provender and kept an employee in the stable to take charge of his horses; that the former took charge of his own horses in another part of the building; and

that two of the plaintiff's horses, with a saddle and bridle, disappeared or were stolen.

The question is, whether the defendant is responsible for the loss.

Our attention has been called to articles 2722, 2938 and 2939 of the Civil Code; but these refer, in express terms, to carriers, watermen and innkeepers, and generally to necessary deposit. They do not embrace livery stable keepers as a class.

In the present case the object of the contract was, not the horses, but the stalls. The difficulty must, therefore, be adjusted by reference to the rules laid down in the second chapter of title IX, b. III of the Civil Code,—"*Of Letting out Things.*" See also article 2644.

The defendant was the lessee of the stalls; and his obligation towards the plaintiff had no connection with the horses, only for the purpose of putting and maintaining him in the peaceable possession of the stalls. Having no control over the horses, which were, by the agreement, under the sole care and charge of the other's employee, it follows that he cannot be called upon to deliver them to the owner, or to make up the loss.

It is, therefore, ordered and decreed, that the judgment of the District Court be reversed; and that there be judgment for the defendant, with costs in both courts.